# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In Re:      BRIAN LEE EHRLICH,      )      Case No. 22-21183
                       Debtor    )

## MOTION FOR RELIEF FROM AUTOMATIC STAY BY PLAINTIFF JENNY ANN EHRLICH

COMES NOW, Creditor, Jenny Ann Ehrlich ("Ms. Ehrlich"), by and through her attorney of record, Ryan A. Blay, and for her Motion for Relief from Automatic Stay against Debtor Brian Lee Ehrlich (the "Debtor"), respectfully states as follows:

1. Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 6, 2022
2. Prior to the Debtor's bankruptcy filing, he was the Petitioner in a Douglas County, Kansas divorce action. The action was titled *Brian Lee Ehrlich v. Jenny Ann Ehrlich*, Case No. 2020-DM-000939.
3. On or about July 27, 2022, the District Court of Douglas County, Kansas entered a Journal Entry of Divorce Decree. A copy of the Decree is attached as Exhibit A.
4. As a result of the Divorce, Ms. Ehrlich is a creditor of the Debtor and intends to file one or more proofs of claim to document her liabilities. The Debtor lists a debt owed to Ms. Ehrlich on Schedule D as a secured claim in his bankruptcy paperwork.
5. Paragraph 7 of the Journal Entry, Pages 7-8, detail the Court's order with regards to the former marital residence located in Wellsville, Kansas.
6. In relevant part, the District Court made a finding of the value of the residence ($485,000) and ordered the Debtor to refinance and pay one half of the net equity in the property to Ms. Ehrlich within fourteen (14) days of the completion of refinance.
7. The District Court set the deadline to refinance at 90 days from the date Ms. Ehrlich refinanced a joint obligation secured by a Cadillac awarded to her in the divorce. That refinance was completed on June 21, 2022.
8. A failure to timely refinance and pay Ms. Ehrlich her share of the net equity would result in the property being listed for sale and the net proceeds divided upon sale.
9. Whether the Debtor continues to pay the mortgage (as he was ordered to in the Divorce) or not, Ms. Ehrlich is still irreparably harmed if the Debtor is allowed to

flaunt the terms of the recently ordered Journal Entry of Divorce. Without the funds from the refinance, she faces worse terms in obtaining a new individual homestead. She is now required to pay private mortgage insurance (PMI) of $103 per month that she would not have had to pay if she had the equity to use as a down payment. Furthermore, She loses the net equity for an indeterminate time with the likelihood that properties will decrease in value over the time of this Plan.

10. The filing of the Debtor's bankruptcy virtually immediately after the entry of the Journal Entry of Divorce is one indication that this immediate bankruptcy case was not filed in Good Faith and will likely lead to an objection to confirmation of any Plan that does not contemplate an immediate refinance or sale pursuant to the intent of the Journal Entry of Divorce. Ms. Ehrlich also has identified property divided in the divorce that was not listed in the bankruptcy schedules.

11. In fact, the Bankruptcy was filed the day before a state court hearing in Douglas County on a motion filed by Ms. Ehrlich for an Order to Sell the Marital Home (attached as Exhibit B).

12. Ms. Ehrlich will likely also file an adversary action for a determination of whether her claims under the Journal Entry of Divorce are dischargeable in this Chapter 13 case.

13. Under 11 U.S.C. §362(d)(1), this Court should grant relief from the stay for cause, because Ms. Ehrlich is not adequately protected. Specifically, the Plan improperly modifies the Divorce decree by arbitrarily reducing the District Court's valuation of the real estate, arbitrarily reducing amounts owed under a QDRO for retirement by an incorrect amount (a process already established by the Decree which the Debtor evidently does not wish to comply with), calls for monthly payments of $175 through the Chapter 13 plan "pending the refinancing or sale of his residence", at a unspecified date, without any interest offered at the *Till* rate. At a minimum, to be adequately protected, there should be minimum payments of the net equity determined by the District Court with interest at fixed monthly payments over the plan.

WHEREFORE, Debtor requests an Order of this Court to lift the automatic stay for the purpose of allowing Ms. Ehrlich to seek enforcement of the Journal Entry of Divorce with respect to the subject property in Wellsville, Kansas, and for any further relief appropriate under the circumstances.

Dated: December 23, 2022

Respectfully submitted,
WM Law

/s/ Ryan A. Blay
Ryan A. Blay, KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909
Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR CREDITOR, JENNY LEE EHRLICH

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion was served, in addition to the parties notified by the US Bankruptcy Court's electronic notification, upon the affected creditors and other parties in interest via US First Class Mail, postage prepaid, on Friday, December 23, 2022.

Court Address: U.S. Bankruptcy Court,

See Attached Matrix.

/s/ Ryan A. Blay