# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BRIAN LEE EHRLICH | ) Case No. 22-21183 |
| | ) Chapter 13 |
| Debtor, | ) |
| | ) |
| | ) |

## OBJECTION TO CONFIRMATION OF PLAN

COME NOW Movants, Glyn Norris, Vicki Manson, Jamie Ker, Robin Ker, Jerry Cox, Nichole Hohenberg, Danielle Miller, and Tyler Barnett (the "Creditors") by and through their undersigned counsel and for their Objection to Confirmation of Plan allege as follows:

### RELIEF SOUGHT

1. In this Emergency Motion the Creditors seek an Order of this Court denying the confirmation of the debtor's Second Amended Chapter 13 Plan filed on March 15, 2023 at docket # 73.

### BACKGROUND

2. The debtor Brian Lee Ehrlich (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 6, 2022.

3. The Creditors are unsecured creditors of the Debtor owed $263,757.64 on account of a judgment against the Debtor entered in *Norris et al. v. Ehrlich et al.* Johnson County, Missouri Circuit Court Case No. 19JO-CC00216 as reflected in the Creditors' allowed proof of claim, #7-1.

## OBJECTION – THE PLAN VIOLATES 11 USC 1325(a)(4)

4. 11 USC 1325(a)(4) permits a court to confirm a chapter 13 plan only if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title."

5. The Debtor's Second Amended Plan at pg. 7, section 18 – labeled Section 15 provides that the Debtor shall pursue liquidation of causes of action against Sheri Loveland, Stevens Brand, LLP, and Goodville Mutual and use any funds received to pay any secured or priority claim of Jenny Ann Ehrlich.

6. The Debtor's causes of action against Sheri Loveland, Stevens Brand, LLP, and Goodville Mutual are not encumbered by a lien.

7. The Creditors object to the payment of secured claims with unencumbered property while unsecured claims remain unpaid.

8. In a chapter 7 proceeding all of the proceeds of these causes of action would be paid to unsecured creditors until their claims are paid in full before payment is made to any secured creditors. See 11 USC 726.

9. Accordingly, if the proceeds of the causes of action exceed the amount of the Debtor's priority claims, the Debtor's Second Amended Plan will not provide for the Creditors to be paid what they would be paid in a chapter 7 proceeding.

WHEREFORE the Creditors request that this Court enter its Order denying the confirmation of the Debtor's Second Amended Plan and for such other and further relief as the Court deems just and equitable.

*/s/ Victor F Weber*
Victor F. Weber        MO # 57361
MERRICK, BAKER & STRAUSS, P.C.
1044 Main Street, Suite 500
Kansas City, MO 64105
Telephone:    (816) 221-8855
Facsimile:     (816) 221-7886
ATTORNEY FOR CREDITORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was filed and served electronically upon all persons requesting ECF notification on March 24, 2023.

*/s/ Victor F. Weber*
**VICTOR F. WEBER**